JANUARY TERM, 1844.                    559

Williams et al. *v.* Doe, ex dem. Oppelt.

ZACHARIAH WILLIAMS et al. *vs.* DOE ex dem. BENJAMIN C.
OPPELT.

It is error to permit a sheriff to amend his return after the return term, without
notice to the adverse party.

The following words are a sufficient return of service in an action of ejectment,
viz : " executed the within declaration and notice upon the within named A.
B. & C. D.   April 25th, 1843."

The common law rule requiring an affidavit of the service of the declaration
and notice in ejectment, is altered by our statute ; the affidavit is not necessary
in this State.

In an act of ejectment, it is error to enter a judgment by default, against the
tenants who neglect to appear and make themselves defendants ; it should be
rendered against the casual ejector.

THIS case is brought here by writ of error to the circuit
court of Neshoba county.

The declaration was in the ordinary form of ejectment; the
lessor of the plaintiff was Benjamin C. Oppelt, the casual ejector,
Zachariah Roe ; the tenants in possession, to whom the usual
notice was addressed by the casual ejector, were Zachariah
Williams and Joseph D. Abney.

The Sheriff's return on the declaration was as follows :   " Re-
ceived April 25th, 1843.   L. B. Austell, sheriff, by A. B. Wool-
dridge, deputy sheriff.   Executed the within declaration and
notice, upon the within named Zachariah Williams, and Joseph
D. Abney, April 25th, 1843.   L. B. Austell sheriff, by A. B.
Wooldridge, deputy sheriff."

On the third day of May, 1843, judgment was entered by
default, against Williams and Abney, the tenants in possession,
and a writ of *habere facias possessionem* awarded against them.

At the October term, 1843, of the same court, held at Phila-
delphia, Neshoba county, on the first day of November, on mo-
tion of the plaintiff's attorney, leave was given the sheriff to
amend his return ; which was accordingly amended as follows :
" Executed the within declaration and notice upon the within

named Zechariah Williams and Jos. D. Abney, April 25th, 1843, L. B. Austell. Sh."

*V. E. & B. D. Howard,* for plaintiffs in error.

1. As the tenant neglected to appear, and make default, the judgment should have been taken against the casual ejector. H. & H. Dig. 590.   Adams Eject. 247.   2 Johns. Cas. 106.

2. It was error to admit the sheriff to admend his return after the return term, without notice to the adverse party.   5 How. 173.   If the first return was insufficient, the judgment now stands as without notice, because the amendment is void.

3. It does not appear from the papers, that the declaration was filed on the first day of the term ; unless such was the case it was error to take judgment by default.

4. The service in this case of the declaration and notice, is insufficient.   There is a simple indorsement of execution by the sheriff.   The notice to the tenant in ejectment is not in the nature of process, and does not admit of the same kind of service.   The statute permits the return to be made according to the laws of this state ; but return and service are very different things.   Besides the notice in ejectment, is not declared to be process, and therefore the common law rule is not changed, as to the service of notice on the tenant.   H. & H. Dig. 617.   1 Low's Rep. 134.   There should have been an affidavit of service, according to the common law proceeding.

No counsel appeared for the defendant in error.

Mr. Justice CLAYTON delivered the opinion of the court.

Several errors are assigned as reasons for the reversal of this judgment, which we will proceed to notice.

First, it was error to permit the sheriff to amend his return, after the return term, without notice to the adverse party.   This ground is certainly well taken, and it throws us back upon the inquiry, whether or not the first return was sufficient.   It is in these words, " Received April 25th, 1843.   L. B. Austell sheriff, by A. B. Wooldridge, deputy sheriff.   Executed the within

declaration and notice upon the within named Zachariah Williams and Joseph D Abney, April 25th, 1843. L. B. Austell, by A. B. Wooldridge Deputy Sheriff." We are unable to perceive any defect in this return, or any reason why an amendment was desired, and in truth the return as amended is word for word the same as the first, except that the name of the deputy sheriff is omitted, and the service is thus made to appear to have been by the principal. If the first return were not true, this is not the mode to correct it.

It is next objected, that the service of the declaration and notice is insufficient, because there is simply an indorsement of "executed" by the sheriff, unaccompanied by an affidavit of service.

At common law the notice might be served either by a private person, or by an officer; but whether served by the one or the other, an affidavit of service was necessary. The mere return of the officer was not sufficient. 1 Rob. Prac. 452. Adams on Eject. 243. But our statute alters this rule. It directs that the process shall be according to the course of the common law, but that the return shall be according to the laws of this State. This can mean nothing else, than that the return of service by the sheriff, shall be sufficient evidence of the execution of process in this, as in all other instances. H. & H. 617.

The last objection is that it was in error to enter a judgment by default, against the tenants who neglected to appear, and made default, but that it should have been rendered against the casual ejector. This objection is well taken. That was the rule at common law, and it is expressly re-enacted by the statute of this State. Adams Eject. 248. H. & H. 617.

For this error the judgment will be reversed, and this court proceeding to give such judgment as the circuit court should have given, doth direct a judgment to be entered against the casual ejector.